UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**PATRICIA LEA CLEMENS**,

Plaintiff,

v.

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

Defendant.

Civil Case No. 3:11-CV-06118-KI

OPINION AND ORDER

    Kathryn Tassinari
    Brent Wells
    Harder, Wells, Baron & Manning, P.C.
    474 Willamette, Suite 200
    Eugene, Oregon   97401

        Attorneys for Plaintiff

    S. Amanda Marshall
    United States Attorney
    District of Oregon

Page 1 - OPINION AND ORDER

Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

David J. Burdett
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington  98104-7075

       Attorneys for Defendant

KING, Judge:

Patricia Clemens seeks $5,132.19 in attorney fees under the Equal Access to Justice Act ("EAJA"). Clemens prevailed in her challenge to the Commissioner's decision denying her application for supplemental security income benefits ("SSI") when I reversed the decision and remanded it for rehearing to further develop the record. Op. and Order, July 6, 2012 ("O&O"). The Commissioner disputes that Clemens' counsel is entitled to EAJA fees.

## LEGAL STANDARDS

EAJA provides that the court shall award attorney fees and expenses to a prevailing party in any civil action brought by or against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The test for determining whether the government was substantially justified is whether its position had a reasonable basis both in law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995). The burden is on the government to prove substantial justification. Pierce, 487 U.S. at 569.

Substantial justification means justified to a degree that could satisfy a reasonable person. Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir. 1990). In evaluating the government's position, the court must look at both the underlying government conduct and the positions taken by the government during the litigation. Barry v. Bowen, 825 F.2d 1324, 1330-31 (9th Cir. 1987).

## DISCUSSION

Clemens seeks fees to reimburse counsel for the 28 hours spent representing Clemens. Applying the applicable statutory rates under EAJA, Clemens seeks $5,132.19. The Commissioner does not dispute the amount of time counsel spent on the case, but I am required to review the reasonableness of the time expended. Gates v. Deukmejian, 987 F.2d 1392, 1400-01 (9th Cir. 1992). I have reviewed the materials submitted in support of the fee petition and find no reason to question the number of hours reported.

The crux of the dispute is whether the ALJ and the Commissioner were substantially justified in their positions.

In the O&O, I concluded the ALJ erred in evaluating Clemens' credibility; the total of his analysis of her testimony appeared to be contained in a single statement that "the persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent" with her ability to perform light work. Tr. 14; O&O 12. Further, he misrepresented Clemens' testimony and neglected to mention several symptoms related to her mental state. Later in his opinion, he did reference physical examinations which could be construed to be part of his credibility analysis, but they occurred before Clemens' application for disability. The ALJ referenced just one record post-dating Clemens' application and it supported only his conclusion that Clemens

could physically perform light work.  All in all, I found the ALJ's analysis to be inaccurate and too general given the requirement that he "specifically identify the testimony she or he finds not to be credible and . . . explain what evidence undermines the testimony."  O&O 13 (quoting Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001)).  In sum, neither the ALJ nor the Commissioner adequately addressed Clemens' testimony regarding her mental limitations and the effect of her fibroymyalgia on her ability to work.  It is of no moment that the record may contain multiple other reasons for finding Clemens' testimony not credible.  See Lewis v. Barnhart, 281 F.3d 1081, 1085 (9th Cir. 2002) (not whether government's position was reasonable in light of ultimate disability determination, but whether position with respect to issue was reasonable).

   Additionally, contrary to the Commissioner's assertion in its response to Clemens' EAJA petition, I found the ALJ failed to address the lay witness testimony from Gary Mickelson, Clemens' boyfriend, and the failure was not harmless.  The Commissioner suggested the error was harmless because the lay testimony was not supported by medical evidence–medical evidence the ALJ had not discussed.

   Finally, I found the ALJ failed to address a report prepared by James Wahl, Ph.D, an examining physician, who identified Clemens as "moderately limited" in her ability to maintain attention for extended periods, perform activities within a schedule, maintain regular attendance, be punctual, and sustain an ordinary routine without supervision.  Since the ALJ did not address Dr. Wahl's opinion, and since the meaning of "moderately limited" as used by Dr. Wahl was not clear from the record, I could not find the ALJ's error to be harmless.  I note the ALJ actually engaged in a discussion at the hearing about what Dr. Wahl could have meant by "moderately,"

but neglected to discuss in his written opinion either Dr. Wahl's opinion or the ALJ's conclusions about what Dr. Wahl meant.

A "holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the position of the United States . . . was not substantially justified. Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) (internal quotation marks and citations omitted); Salazar v. Astrue, No. 03:10-cv-895-HU, 2012 WL 4856105, at *2 (D. Or. Sept. 19, 2012) (same); but cf. Kali v. Bowen, 854 F.2d 329, 334 (9th Cir. 1988) ("the government's failure to prevail does not raise a presumption that its position was not substantially justified").  I find the ALJ has failed to meet his burden in showing the ALJ's decision, and the Commissioner's litigation position, were substantially justified, and I conclude this is not the unusual case warranting a denial of EAJA fees.

Accordingly, Clemens is entitled to EAJA fees in the amount of $5,132.19.

## CONCLUSION

For the foregoing reasons, Clemens' Motion for Fees Under the Equal Access to Justice Act [20] is granted.  Clemens is entitled to an award of $5,132.19 under the Equal Access to Justice Act.

IT IS SO ORDERED.

Dated this ____30th____ day of November, 2012.

                                         /s/ Garr M. King
                                        Garr M. King
                                        United States District Judge